Argued June 7, reversed and remanded September 8, 1972

### HAWKINS, *Respondent, v.* FREEMAN ET AL, *Defendants,* and BANK OF KLAMATH COUNTRY, *Appellant.*

500 P2d 720

*Robert D. Boivin,* Klamath Falls, argued the cause for appellant. With him on the brief were Boivin & Boivin, Klamath Falls.

*Robert D. Puckett,* Klamath Falls, argued the cause for respondent. With him on the brief were Proctor & Puckett and Prentiss K. Puckett, P. C., Klamath Falls.

O'CONNELL, C. J.

This is an action to foreclose a farm labor lien under ORS 87.290⊕ for services performed by plaintiff in planting, cultivating and harvesting a crop of potatoes for defendant, Jack Freeman. Defendant, Bank of Klamath Country, filed an answer and cross-complaint asserting a lien on the potatoes based upon a security agreement executed by Freeman. The trial court entered a judgment foreclosing plaintiff's lien for the amount prayed for in plaintiff's complaint. Defendant bank appeals.

On April 1, 1969, plaintiff entered into an agreement with defendant, Jack Freeman, by the terms of which plaintiff was to receive seven percent of the potatoes grown on certain land owned by Freeman as compensation for plaintiff's services in planting and harvesting the crop. Thereafter, Freeman executed a series of notes to defendant bank, which were secured by a security agreement and the filing of a financial statement. The bank concedes that plaintiff's lien is

---

⊕ ORS 87.290 was later repealed by Or Laws 1969, ch 330.

valid and contends only that the amount of the lien is less than that recognized by the trial court.

It appears that the harvested crop of potatoes would have been of sufficient value to satisfy the claims of both creditors had it not been for certain unfortunate circumstances. After the potatoes had been harvested, they were stored in two potato cellars. Subsequently, Freeman disappeared. To protect its interest, the bank padlocked the cellars. Sometime later, upon learning that the potatoes were deteriorating as a result of disease, plaintiff filed a petition for the appointment of a receiver to prevent further damage to the crop. The court appointed a receiver who, in order to salvage the good potatoes, removed approximately 4500 sacks of rotten ones. The value of the remaining potatoes was not adequate to satisfy the claims of both plaintiff and the bank.

Plaintiff's lien is based upon ORS 87.290, which provided as follows:

"(1) Any person who * * * performs for another any labor or service upon any farm land * * * shall have a lien upon all such crops raised upon all or any of such land * * * for the contract price for such labor or service, or for the reasonable value thereof if there is no contract. * * * *"

As noted above, plaintiff entered into a contract with Freeman under which plaintiff was to receive seven percent of the potato crop for his services.

In his original complaint plaintiff alleged the contract and prayed for a judgment in the amount of seven percent of the potatoes stored in the cellars. Upon motion, which the trial court granted, plaintiff amended his complaint to allege that the reasonable

value of his services was $11,170.00 and prayed for a judgment in that amount, which the trial court allowed.

■ Defendant bank contends that under ORS 87.290 plaintiff is not entitled to assert a lien for the reasonable value of his services because the statute permits such recovery only "if there is no contract." We find this contention irrefutable. The statute provides for two alternatives based upon whether or not there is a contract and clearly limits a lien claim for the reasonable value of services to the situation where there is no contract. The statute being clear, there is no room for interpretation.

■ Plaintiff argues that the bank's conduct in padlocking the potato cellars made it impossible for plaintiff to determine the amount of potatoes harvested and thus precluded him from computing the percentage of the potatoes to which he was entitled under the contract. Because of this conduct, plaintiff contends that it would be inequitable to limit his recovery to the percentage agreed upon with Freeman, if based upon the smaller amount of potatoes remaining.

Neither the pleadings nor the evidence were sufficient to present or resolve the issue of defendant's fault or plaintiff's opportunity to determine the quantity of potatoes from which a computation of his share could be made. Therefore, the judgment of the trial court is reversed and the cause is remanded for the purpose of determining the amount of potatoes to which plaintiff is entitled under the terms of his contract.